IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE DAVIS,
No. S-13753,
    Petitioner,

vs.                                            Case No. 17–cv–622-DRH

TRACY BRUM,
ILLINOIS DEPARTMENT OF
CORRECTIONS

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### Introduction

Petitioner Maurice Davis, an inmate in the custody of the Illinois Department of Corrections and currently housed at Menard Correctional Center, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his continued confinement. Petitioner contends that his parole was wrongfully revoked and that he is currently serving an illegal sentence. Petitioner left the "Request for Relief" portion of his petition blank, but presumably Petitioner is seeking an order directing that he be released from IDOC custody.

### The Petition

This matter is now before the Court for a preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the

district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the Petition in the present case, the Court concludes that the § 2254 petition warrants further review.

In November 2012, Petitioner was convicted of burglary in Madison County, Illinois (Case No. 12-cf-205). (Doc. 1, p. 6; Doc. 4, p. 1). Petitioner was sentenced to a seven year term of imprisonment, to run concurrently with a state sentence Petitioner was serving in Missouri. (Doc. 1, p. 6). Petitioner was transferred to Missouri and completed serving his sentence in Missouri. According to the Petition, the Illinois Department of Corrections ("IDOC") and the Missouri Department of Corrections communicated and jointly decided to release Plaintiff from custody. *Id.* Plaintiff was released and was out on parole for 18 months. *Id.*

After approximately 18 months, the state's attorney (Tracy Brum)[1] that prosecuted Plaintiff's burglary case (12-cf-205), determined that Plaintiff had been released from custody too early. *Id.* A warrant was issued for Petitioner's arrest. *Id.* Thereafter, Petitioner was detained and confined to IDOC custody for an additional 18 months. *Id.*

At one point in his Petition, Petitioner states that the challenged sentence (18 months of confinement after Plaintiff was released on parole and in connection with case No. 12-cf-205) was between January 2015 and August 2016.

---

[1] The docket in Plaintiff's underlying criminal action suggests that the state's attorney's last name is actually spelled Baum as opposed to Brum.

(Doc. 1, p. 4). If this is correct, then Plaintiff's Petition would appear to be moot. However, IDOC's database indicates that Petitioner is presently in custody in connection with case No. 12-cf-205, with an expected release date of December 2017. This suggests that the Petition is not moot.[2] The issue of exhaustion is unclear at this time.

The Court concludes that the Petition survives preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Accordingly, respondent shall be ordered to answer the Petition or otherwise plead. Further, in light of Petitioner's approaching release date, the Court will order an expedited response, as set forth in the disposition below.

## Substitution of Proper Respondent

For habeas petitions challenging present custody, the proper respondent is the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). "[T]here is generally only one proper respondent" and "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id*. at 434-35. Consistent with *Rumsfeld v. Padilla*, Rule 2(a) of the Rules Governing Section 2254 Cases requires that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."

---

[2] Petitioner's Motion for Settlement (Doc. 4) also suggests that the challenged term of confinement has come to an end. Petitioner states that he is seeking damages for "547 days of confinement." (Doc. 4, p. 1). Nonetheless, further development of the record is necessary.

3

Petitioner is in custody at Menard, so the proper respondent to this action is that facility's warden, currently Jacqueline Lashbrook. Accordingly, IDOC and Tracy Brum (the state's attorney in the underlying criminal action), shall be dismissed from this action.

**Motion of Complaint on Defendants and/or Motion for Settlement**

Petitioner has filed a motion asking the Court to order a monetary settlement for wrongful confinement and mental cruelty. (Doc. 4). Obviously, the Court has no authority to order Respondent to agree to a settlement. Further, as is explained below, monetary damages are not an available remedy in a habeas petition.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from the imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). But a habeas corpus petition cannot be used to obtain monetary damages in connection with a constitutional deprivation. *Preiser*, 411 U.S. at 499. As such, Petitioner's request for monetary damages is **DENIED** because that relief is not available under the habeas statutes. Instead, such claims must be brought, if at all, in a separate civil rights action pursuant to 42 U.S.C. § 1983. *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991).

### Motion for Recruitment of Counsel

Petitioner's Motion for Recruitment of Counsel (Doc. 3) is denied at this time as premature. Counsel may be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c) Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider the respondent's answer to the petition.

### Motion for Leave to Proceed in Forma Pauperis

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) is **GRANTED** based on the financial information provided with his motion.

### Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that Respondent shall answer the Petition on or before **October 11, 2017**. This Order to respond does not preclude the State from making whatever waiver, exhaustion, or timeliness arguments it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.09.27 10:59:48 -05'00'

**David R. Herndon**
**U.S. District Judge**