# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE DAVIS,

    Petitioner,

vs.                                          Civil No. 17-cv-622-DRH-CJP

CRAIG FINDLEY,

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Maurice Davis was an inmate in the custody of the Illinois Department of Corrections at the time he filed a petition for habeas relief pursuant to §2254, Doc. 1.[1] Now before the Court is respondent's Motion to Dismiss Habeas Corpus Petition, Doc. 10. Respondent argues that the petition must be dismissed because petitioner failed to exhaust state judicial remedies. Petitioner has not responded to the motion.

## Relevant Facts and Procedural History

In September 2012, Davis was convicted of burglary by a jury in Madison County, Illinois, and was sentenced to six years imprisonment to be followed by a two-year term of mandatory supervised release. The Illinois sentence was to be served concurrently with a Missouri term of imprisonment for parole violation, and petitioner was credited with time served since his arrest on January 26, 2012. Petitioner was turned over to the Missouri Department of Corrections,

---

[1] The Court uses the document, page and exhibit numbers assigned by the CM/ECF system.

where he remained until July 12, 2013. Doc. 10, Ex. 1-3.

Because Davis was entitled to day-for-day credit on his Illinois sentence, he was expected to serve three years (1095 days) on his six year sentence. As of July 12, 2013, he still had about 561 days left on his Illinois sentence. For reasons that are not explained, when Davis was discharged from Missouri custody on July 12, 2013, he was not delivered into Illinois custody, but was simply released.

Around the time his Illinois sentence should have expired, the Madison County State's Attorney's Office obtained a warrant for petitioner's arrest so that he could serve the time left on his Illinois sentence. Davis was arrested on January 26, 2015, and delivered into the custody of the Illinois Department of Corrections. Ex. 1, p. 6.

Petitioner was released from the IDOC on August 9, 2016, but he violated the terms of his MSR and was arrested and returned to the IDOC. Ex. 3, p. 2; Ex. 4, p. 1.

Davis filed two state court actions challenging his custody. He filed a mandamus action in Madison County in May 2015, which he voluntarily dismissed in February 2016. Ex. 5-6, 8. He also filed a state habeas petition in Madison County in September 2015, which remained pending as of the filing of respondent's motion to dismiss in October 2017. No action had been taken in the state habeas case since the issuance of an alias summons in February 2016. Ex. 7.

## Petitioner's Current Status

According to respondent, petitioner was released from the IDOC and began serving his MSR term on September 27, 2017. Doc, 10, p. 3; Ex 2, p. 2. Petitioner has not notified this Court of his release or of his current address.

The fact that petitioner has been released from prison, standing alone, does not mean that the petition is moot. Davis contends that he should not have been imprisoned in the IDOC in January 2015. If he is entitled to habeas relief, he would be entitled to relief in the form of an earlier termination of his supervised release. See, *White v. Indiana Parole Board*, 266 F.3d 759, 763 (7th Cir. 2001).

## Applicable Legal Standards

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

28 U.S.C. § 2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C.A. § 2254(b)(1) requires that state judicial remedies be exhausted before a federal court can grant habeas relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement means that, before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 119 S.Ct. 1728, 1732 (1999); see also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, petitioners must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id.* at 1732-1733.

## Analysis

Petitioner has not responded to the motion to dismiss. He was informed of the consequences of failing to do so in Doc. 12.

It is clear that petitioner has not exhausted state judicial remedies. The action must therefore be dismissed. The dismissal will be without prejudice. After exhausting state judicial remedies, petitioner can file another § 2254

petition.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

In order for a certificate of appealability to issue, petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." See, *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show *both* that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, *Ibid.*

Here, no reasonable jurist would find it debatable whether this Court's ruling on failure to exhaust state judicial remedies was correct. Accordingly, the Court denies a certificate of appealability.

## Conclusion

Respondent's Motion to Dismiss Habeas Corpus Petition, Doc. 10, is **GRANTED**.

5

This cause of action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state judicial remedies.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.07
05:47:32 -06'00'

United States District Judge

**Notice**

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition. Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, the Court has denied a certificate. In order to appeal the dismissal or denial of his petition, petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability. Further, a motion to reconsider the denial does not extend the time for appeal. See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.